IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MAY SHING,                         *
    Plaintiff,

v.                                   Civil Action No. RDB-16-1543

HOWARD COUNTY, MARYLAND Sewer
  and Water Department              *
    Defendant.

## MEMORANDUM OPINION

May Shing, a resident of Columbia, Maryland, sues the Howard County, Maryland Sewer and Water Department for $40,000, alleging negligence that caused water damage to her vehicle. ECF No. 1 at p. 1, ECF No. 1-1. Accompanying the Complaint is Shing's Motion for Leave to Proceed *in Forma Pauperis*, which shall be granted. For reasons noted herein, the Complaint, shall be DISMISSED for lack of subject matter jurisdiction.

Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). They "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Under the "well-pleaded complaint" rule, the facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir.1999) (citing *McNutt v. Gen'l Motors Acceptance Corp.*, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper."[1] *United States v. Poole*,

---

[1] Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). They "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010), citing *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

531 F.3d 263, 274 (4th Cir.2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)). Moreover, the "burden of establishing subject matter jurisdiction is on ... the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir.2010); accord *Hertz*, 130 S.Ct. at 1194; *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir.2010).

This Court must hold a self-represented litigant to less stringent standards when evaluating her Complaint, and must read the Complaint liberally. *White v. White*, 886 F. 2d 721, 722-723 (4th Cir. 1989). As the Court interprets this Complaint, it is clear that Shing seeks money damages for compensate for negligence causing property damage, a state claim. This Court only has authority to review such a claim if the claim is sufficient to establish federal diversity of citizenship jurisdiction. Under 28 U.S.C. §1332(a), a federal district court has original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. The diversity statute "requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Central West Virginia Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011), citing *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Shing fails to meet the amount-in-controversy requirement. Further, she is a citizen of Maryland; the conduct giving rise to the Complaint occurred in Maryland; and the Defendant is a Maryland governmental entity. Thus, diversity jurisdiction does not appear to exist, and the Complaint must be dismissed.

A separate Order follows.

Date: MAY 27, 2016

　　　　　　　　　　　　　　　　　　　　　*/s/ RD Bennett*
　　　　　　　　　　　　　　　　　　　　　RICHARD D. BENNETT
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE